BOYER, Chief Judge.
This appeal involves a continuing controversy involving an alimony award and modification.
In October of 1971, the parties filed in a then pending dissolution case a stipulation and agreement which provided, inter alia:
“The wife will receive from the husband the sum of * * * $325.00 per month alimony. * * * Alimony payments shall cease upon death or remarriage. * * * ”
A final judgment of dissolution of marriage thereafter entered provided that:
“The husband shall pay to the wife * * alimony in the sum of $325.00 per month, commencing November 1, 1971.”
In March of 1973, the husband, appellant here, filed a petition seeking modification of the alimony provision in which he alleged that the wife, appellee here, had had sufficient time to rehabilitate herself, was able-bodied, intelligent and experienced and able to earn her own livelihood but that she chose instead “to live off the alimony being paid by the husband”. An order modifying the final judgment was entered by the trial court on May 23, 1973, in which he found that the husband’s circumstances had not changed for the worst since entry of the final judgment and that, as to the circumstances of the wife, such were “more changes in the social and cultural climate of society than in the individual circumstances of the two parties.” The final judgment was modified to provide for alimony in the sum of $325.00 per month through May 1, 1974.
Upon appeal to this Court (Protheroe v. Protheroe, Fla.App. 1st 1974, 300 So.2d 748), we said:
“The Final Decree fixing the alimony payments was based upon a stipulation between the parties, dated October 18, 1971. In the case, sub judice, the evidence from both parties was to the effect that the wife’s expenses for her and their minor son, were about the same as they were when the stipulation was entered into, except for cost of living *96 increase, and that the husband’s income was about the same. The only difference in the status of the parties is that the husband had remarried a lady with two minor children from a previous marriage.
“We agree that the trial court had the legal authority to modify the Final Decree and to reduce the alimony payments, but by the time the orderly process of this appeal had reached this point, and because we are somewhat reluctant to grant such relief so quickly when the final decree was based on a stipulation and admittedly without any change in financial circumstances, we are of the opinion that, taking the record as a whole, that the trial court was in error in cutting off the alimony at the date of May 1, 1974. We, therefore, reverse and remand to the trial court for an order phasing out the alimony at the end of three years from May 1, 1973, which would give the appellant ample time to prepare herself for making a living.”
(300 So.2d 748)
The Supreme Court of Florida, upon granting certiorari, said:
“The Opinion of the District Court of Appeal is quashed to the extent that it affirms modification of an alimony award without a showing of changed circumstances. * * * ” (Protheroe v. Protheroe, Sup.Ct.Fla.1976, 328 So.2d 417, Opinion filed March 3, 1976)
It is clear from the foregoing that the Supreme Court’s quashal of this Court’s opinion had the effect of rendering for naught the order of the trial judge dated May 23, 1973, modifying the final judgment by limiting the period of the alimony award. In other words, the final judgment of dissolution of marriage remained in full force and effect unless and until properly modified by some order or proceeding other than the trial court’s order of May 23, 1973, above mentioned.
In the meantime, the Supreme Court of Florida, by an undated order which appears to have been entered in March of 1975, pursuant to an appropriate petition or motion, said:
“The trial court may hear and enter an appropriate order on such change of circumstances that have occurred subsequent to the order heretofore entered and now on appeal in this Court.”
The order referred to as “now on appeal in this Court” was obviously the trial court’s order of May 23, 1973, which was the subject matter of the opinion of this Court which was ultimately quashed by the Supreme Court.
Pursuant to the Supreme Court’s Order, but prior to that Court’s ultimate opinion quashing the opinion of this Court, the trial court, attempting to reconcile its position and comply with the directions of both courts, entered an order dated April 29, 1975, pertinent portions of which we now quote:
“From the testimony given by the former husband and the former wife at that hearing, the following facts appear: The former wife, who was earning nothing when the final judgment was entered October 20, 1971, and when the order modifying the final judgment was entered May 23, 1973, obtained full-time employment December 10, 1973; has had three pay raises since; is now a secretary earning $600 gross per month or $102.08 net per week. The former husband, who was earning an average $36518 gross per year when the final judgment and the order modifying the final judgment were entered, voluntarily changed to a new job November 6, 1973, hoping eventually to better himself; since then he has been earning $27700 gross per year. The child, who was nine years old when the final judgment was entered, is now 13 years old; is now attending a private school at an annual expense of $775 instead of *97 the free public schools he attended until the last two school years. Those are the changed circumstances.
“When this trial court entered the order of May 23, 1973, modifying the final judgment by eliminating the $325 per month alimony one year later, it seemed to this trial court that within that one year the former wife would be able ‘to equip herself, emotionally and by undergoing training if she so desires, to hold a job for pay.’ Subsequent events have proved that prediction to he correct: indeed, the former wife got a full-time job within seven months, has had three pay raises since, now earns $600 gross per month of $102.08 new per week. Had the alimony terminated five months after she went to work, as this trial court ordered, she would have had equitable treatment.
“Except for the Supreme Court’s admonition in its order of March 24, 1975, that this trial court is ‘to enter an appropriate order on such change of circumstances that have occurred subsequent to the order heretofore entered [by this trial court modifying the final judgment on May 23, 1973] and now on appeal in this Court’, this trial court would of course not to be so presumptuous as to express the view that an appropriate disposition of the alimony matter, if it were now possible to do so, would be to terminate the alimony retroactively at the end of May 1974, as this trial court ordered, rather than to continue it on for two more years through May 1976 as the First District Court of Appeal decided. It is, of course, not possible to terminate alimony retroactively, because the former wife has a vested right to alimony payments already accrued. So the alimony should come to an end with the May 1, 1975, payment.
“How to accomplish that result in the present posture of this case perplexes this trial court. The order entered by this trial court on May 23, 1973, terminates the alimony as the end of May 1974; if that order still stands there is no need for this trial court to enter another order saying the same thing. That order probably does not still stand, although the First District Court of Appeal, while characterizing its function as including a ‘grant [of] relief,’ did not itself proceed to modify the final judgment but in its penultimate sentence said ‘We, therefore, reverse and remand to the trial court for an order phasing out the alimony at the end of three years from May 1, 1973, which would give the appellant ample time to prepare herself for making a living.’ Because a certiorari proceeding is pending in the Supreme Court, this trial court has not yet entered the order mandated by the First District Court of Appeal. How can this trial court now enter an order modifying the final judgment by simply cutting off the extra two years alimony or the one year of alimony yet unpaid?
“The practical way to accomplish what the Supreme Court instructed this trial court to do, while at the same time paying due respect to the directions of the First District Court of Appeal, seems to be for this trial court to enter the sort of order that follows in paragraph 1.
“Rather obviously, neither the changed circumstances since the order of May 23, 1973, was entered by this trial court (which is all the Supreme Court instructed this trial court to consider), nor the earlier changed circumstances since the final judgment was entered on October 20, 1971, call for any reduction in child support to be paid by the former husband. True, the former husband now earns nearly 25% less gross than he did when that order and that final judgment were entered. But the child is now 13 years old instead of 11 or 9, with greater needs. And double-digit inflation is just as cruel to the child as to his father, so that $325 a month does not buy for the *98 child what it did two years ago or four years ago. Private school is not a necessity, but all the child’s necessities cost more. The child cannot be said to have impliedly joined in the former husband’s gamble in changing jobs.
“It is, therefore, ORDERED that:
“1. Sub-paragraph (a) of paragraph 2 of the final judgment is, as directed by the First District Court óf Appeal, mod-fied to read:
“(a) Alimony in the sum of $325.00 per month, continuing through May 1, 1976.
“and, in the light of changed circumstances since May 23, 1973, that sub-paragraph (a) of paragraph 2 of the final judgment is deleted effective May 2, 1975, the net effect being that M. Vincent Protheroe is liable for the payment of such alimony through May 1, 1975.”
The husband has now appealed the above quoted order complaining of that portion stating:
“ * * * It is, of course, not possible to terminate alimony retroactively, because the former wife has a vested right to alimony payments already accrued. So the alimony should come to an end with the May 1, 1975, payment.”
Appellant argues that appellee’s right to the payments which had accrued prior to the order here appealed had not become vested and that since the evidence revealed that the wife had secured employment as of December 10, 1973, there was no reason to extend the payments of alimony beyond May 1, 1974, being the cut off date provided in the trial court’s order of May 23, 1973, hereinabove referred to.
We are forced to disagree with appellant’s contention. As above explained, the order of May 23, 1973 was rendered inoperative by virtue of the decision of the Supreme Court quashing the opinion of this Court. Appellee’s rights to accrued payments therefore vested until entry of the order here appealed on April 29, 1975.
AFFIRMED.
RAWLS and McCORD, JJ., concur.